UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROSA RIVERA<br>    *Plaintiff.*<br>v.<br><br>ABILITY RECOVERY<br>SERVICES, L.L.C.<br>    *Defendant.* | CIVIL ACTION NO.<br><br>4-15CV-165 Y<br><br>TRIAL BY JURY DEMANDED |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Rosa Rivera, complains of Ability Recovery Services, L.L.C. Defendant, and for cause of action would respectfully show as follows:

### NATURE OF ACTION

1. This is an action for damages brought by individual, Plaintiff Rosa Rivera against Defendant Ability Recovery Services, L.L.C. for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii).

2. Plaintiff contends that the Defendant has violated such laws by calling Plaintiffs cellular telephone using an automatic telephone dialing system as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1) without express consent to do so.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3).

2. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state, to wit debt collection.

3. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(b)(3).

4. Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant transacts business here, and the conduct complained of occurred here.

5. All conditions precedent to the bringing of this action, have been performed.

## PARTIES

6. The Plaintiff in this lawsuit is Rosa Rivera, a natural person and a citizen of Tarrant County, Texas.

7. Defendant in this lawsuit is Ability Recovery Services, L.L.C. (herein after "Ability Recovery") a collection company with principal office at 1 Montage Mountain Road, Suite A, Moosic, PA 18507.

3. Ability Recovery may be served with process by serving: Corporation Service Company DBA CSC-Lawyers Inco., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## FACTUAL ALLEGATIONS

8. The telephone number (252) 266-5611 is assigned to a cellular telephone belonging to the Plaintiff Rosa Rivera.

9. On or about September 16, 2014, Ability Recovery began calling the wireless cellular phone number (252) 266-5611 from telephone numbers (570) 706-8800 and (570) 207-1892 which are numbers known to be used by Ability Recovery in their debt collection operations.

10. **See Exhibit A**, Ability Recovery called the cellular telephone number (252) 266-5611 on the following dates and times.

    1. September 16, 2014 at 10:45 a.m.
    2. September 17, 2014 at 01:23 p.m.
    3. September 24, 2014 at 03:37 p.m.
    4. October 01, 2014 at 12:45 p.m.
    5. October 25, 2014 at 09:58 a.m.
    6. November 17, 2014 at 05:32 p.m.
    7. December 24, 2014 at 09:10 a.m.
    8. January 07, 2015 at 10:19 a.m.
    9. January 07, 2015 at 03:43 p.m.

11. Refer to ¶10, Ability Recovery used an automatic telephone dialing system to dial the wireless cellular phone (252) 266-5611 as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1).

12. Refer to ¶10, Ability Recovery called the cellular phone (252) 266-5611 for a non-emergency purpose.

13. Plaintiff has no prior or present established relationship with Ability Recovery.

14. Plaintiff has no contractual obligation to pay Ability Recovery any alleged consumer debt.

15. On January 22, 2015, Plaintiff sent a letter informing Ability Recovery said actions were a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii). This was in an effort to amicably resolve the matter prior to litigation.

16. On February 18, 2015, Plaintiff sent a second letter informing Ability Recovery said actions were a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii). This was in an effort to amicably resolve the matter prior to litigation.

17. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

## COUNT I

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227(b)(1)(A) BY DEFENDANT ABILITY RECOVERY SERVICES, L.L.C.

18. Paragraphs 1 through 17 are re-alleged as though fully set forth herein.

19. Plaintiff and Ability Recovery do not have an established business relationship within the meaning of 47 U.S.C. §227(a)(2).

20. Ability Recovery called Plaintiff's cellular telephone using an "automatic telephone dialing system" within the meaning of 47 U.S.C. §227(a)(1).

21. 47 U.S.C. §227(b)(1)(A) which states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> (1) PROHIBITIONS.—It shall be *unlawful for any person* within the United States, or any person outside the United States if the recipient is within the United States—
>
> > *(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—*

22. In each telephone communication referenced in ¶10, Ability Recovery has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by using an automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Plaintiff's cellular telephone number (252) 266-5611, which is assigned to a cellular telephone service *with no prior express consent* and for *no emergency purpose*.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227(b)(1)(A)(iii)
### BY DEFENDANT ABILITY RECOVERY SERVICES, L.L.C.

23. Plaintiff alleges and incorporates the information in paragraphs 1 through 22.

24. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> > >
> > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

25. In each telephone communication referenced in ¶10, Ability Recovery has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Plaintiff's number (252) 266-5611, which is *assigned to a cellular telephone service*.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

e) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

f) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

g) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

h) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands trial by jury.

Dated: March 06, 2015

Respectfully Submitted,

*/s/ Rosa Rivera*

Rosa Rivera
2608 Refugio Ave
Fort Worth, TX 76164
(817) 689-1240
Rosarivera54@yahoo.com







Exhibit A