

**UNITED STATES DISTRICT COURT
NORTHERN DISCTRICT OF TEXAS
FORT WORTH DIVISION**

**PLAINTIFF**

ROSA RIVERA
2608 RUFUGIO AVENUE
FORT WORTH, TX 76164

NO.: 4-15CV-165-Y

vs.

**DEFENDANT**
ABILITY RECOVERY SERVICES, LLC
P.O. BOX 4031
WYOMING, PA 18644

## ANSWERS TO PLAINTIFF'S COMPLAINT

Now comes Defendant Ability Recovery Services, LLC and files its answers to the complaint and avers as follows:

1. Admitted.

2. The averment contained in paragraph 2 is a conclusion of law to which no response is required. If a response is deemed to be required then this averment is denied. As a further answer, the Defendant denies that it violated the Telephone Consumer Protection Act, 47 U.S.C. 227(a)(1).

### JURISDICTION AND VENUE

1. The averment contained in paragraph 1 is a conclusion of law to which no response is required. If a response is deemed to be required then this averment is denied.

2. The averment contained in paragraph 2 is a conclusion of law to which no response is required. If a response is deemed to be required then this averment is denied.

3. The averment contained in paragraph 3 is a conclusion of law to which no response is required. If response is deemed to be required then this averment is denied.

4. The averment contained in paragraph 4 is a conclusion of law to which no response is required. If response is deemed to be required then this averment is denied.

5. The averment contained in paragraph 5 is a conclusion of law to which no response is required. If response is deemed to be required then this averment is denied.

6. Admitted.

7. Admitted.

3. Admitted.

## FACTUAL ALLEGATIONS

8. The Defendant is without knowledge or information to form a belief as to the truth of this averment as the Defendant believed this phone number was for another individual and had been advised of same by the creditor, and therefore, this averment is denied.

9. Admitted. It is admitted that the Defendant did make calls to this phone number but the Defendant had been advised by the creditor that this number was the home phone number for another individual who was a debtor of said creditor. As a further answer, the second message left on Plaintiff's machine would have advised her to contact the Defendant if she was not the specific individual. The Plaintiff did not contact Defendant to advise it that Defendant had the wrong phone number but allowed the calls to continue.

10. Admitted. It is admitted that the Defendant did make calls to this phone number but the Defendant had been advised by the creditor that this number was the home phone number for another individual who was a debtor of said creditor. As a further answer, the second message left on Plaintiff's machine would have advised her to contact the Defendant if she was not the specific individual. The Plaintiff did not contact Defendant to advise it that Defendant had the wrong phone number but allowed the calls to continue.

11. Admitted in part. Admitted. It is admitted that the Defendant did make calls to this phone number

but the Defendant had been advised by the creditor that this number was the home phone number for another individual who was a debtor of said creditor. As further answer, the second message left on Plaintiff's machine would have advised her to contact the Defendant if she was not the specific individual. The Plaintiff did not contact Defendant to advise if that Defendant had the wrong phone number but allowed these calls to continue. The remainder of the averment is a conclusion of law to which no response is deemed to be required. If a response is deemed to be required then the remainder of this averment regarding 47 U.S.C. 227 §(a)(1) is denied.

12. The averment contained in paragraph 12 is a conclusion of law to which no response is required. If response is deemed to be required then this averment is denied.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. The averment contained in paragraph 17 is a conclusion of law to which no response is required. If response is deemed to be required then this averment is denied.

## COUNT I

18. No answer is deemed to be required.

19. The averment contained in paragraph 19 is a conclusion of law to which no response is required. If response is deemed to be required then this averment is denied.

20. Admitted in part. It is admitted that Defendant called cell phone number (252) 266-5611 as the phone number provided to the Defendant by the debt holder and was registered to a different individual than the Plaintiff.

21. The averment contained in paragraph 21 is a conclusion of law to which no response is required. If response is deemed to be required then this averment is denied.

22. The averment contained in paragraph 22 is a conclusion of law to which no response is required. If response is deemed to be required then this averment is denied.

WHEREFORE, the Defendant respectfully requests this Honorable Court to dismiss Count I of Plaintiff's complaint with prejudice and enter Judgment for Defendant as to Count I.

### COUNT II

23. No response is deemed to be required.

24. The averment contained in paragraph 24 is a conclusion of law to which no response is required. If response is deemed to be required then this averment is denied.

25. The averment contained in paragraph 25 is a conclusion of law to which no response is required. If response is deemed to be required then this averment is denied.

WHEREFORE, the Defendant respectfully requests this Honorable Court to dismiss Count II of Plaintiff's complaint with prejudice and enter Judgment for Defendant as to Count II.

Dated: April 6, 2015

Respectfully Submitted,

*[signature: Maureen Napoletano]*

Ability Recovery Services, LLC (Pro Se)
P.O. Box 4031
Wyoming, PA 18644
(570) 207-1892
Title: Records Custodian/Maureen Napoletano

## VERIFICATION

The undersigned does hereby verify subject to the penalties of 18 PA. C.S. Section 4904 relating to unsworn falsification to authorities, that he is KIM ROSS, MANAGER, authorized agent of ABILITY RECOVERY SERVICES, LLC, Plaintiff herein that he is duly authorized to make this verification, and that the facts set forth in the foregoing Answers to Plaintiff's Complaint, are true and correct to the best of his knowledge, information and belief.

Date: 4-7-15

Kim Ross
Manager



FIRST-CLASS MAIL
Hasler
04/09/2015
US POSTAGE $01.61⁰
ZIP 18508
011D10613450

ARS, LLC
P.O. BOX 4031
WYOMING, PA 18644

United States District Court/Northern District of Texas
U.S. Clerk's Office/Fort Worth Division
501 W. 10ᵗʰ Street, Room 310
Fort Worth, TX 76102-3673