IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROSA RIVERA                        §
                                   §
VS.                                §    CIVIL NO.4:15-CV-165-Y
                                   §
ABILITY RECOVERY SERVICES, LLC     §

### ORDER TO SUBMIT JOINT STATUS REPORT
### AND PROPOSED DISCOVERY PLAN
### (FORM REVISED MARCH 2015)

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f) and the Court's Civil Justice Expense and Delay Reduction Plan (the "Plan") the Court enters this order to promote early settlement of this action and to facilitate entry of the scheduling order required by Rule 16(b).[1]


A.

If, upon receipt of this order, the parties' attorneys[2] have not already conferred as required by Rule 26(f), they shall, within 20 days of the date of filing of this order, in compliance with Rule 26(f), confer to discuss:

(1)  The nature and basis of their claims and defenses,

(2)  The possibilities for prompt settlement,

(3)  Making the initial disclosures required by Rule 26(a)(1)(A) or stipulating that they will not be made, and

---

[1] While all counsel are expected to be familiar with all rules of court, the Court recognizes the potential for confusion and waste of time inherent in being required to read and synthesize, without Court direction, this order, the initial and final scheduling orders which will follow, the federal rules, and the local rules.  Consequently, the Court has written this order and the initial and final scheduling orders to provide the parties a comprehensive guide to their pretrial procedures and requirements in this Court.

[2] In accordance with local civil rule 1.1(c)(2), a party proceeding pro se is included in the definition of attorney.

(4)  Developing a proposed discovery plan.

If the parties have already submitted a Rule 26(f) written report that outlines their proposed discovery plan by the time this order issues, they must nevertheless submit the joint status report required by this order, because this order requests additional information not required by Rule 26(f).  The parties may, however, incorporate in the joint status report by reference portions of their written report if they attach a photocopy of the written report to their joint status report.


B.

The parties are ordered to **electronically** file with the clerk of the court the signed joint status report and proposed discovery plan (one instrument) within **28 days** of the date of the filing of this order, and to include therein, in separate paragraphs, each of the following matters:

(1)  A brief statement of the nature of the case, including the contentions of the parties;

(2)  Any challenge to jurisdiction or venue;

(3)  A brief description of any matters that require a conference with the Court;

(4)  An assessment of the likelihood that other parties will be joined, identities of potential parties and an estimate of the time needed for joinder of such parties;

(5)  When the disclosures required by Rule 26(a)(1)(A) will be made or a statement that the parties have stipulated that those disclosures will not be made or that they are

exempted from making those disclosures under Rule 26(A)(1)(B);[3]

(6)  (a)  A very brief statement of the subjects on which discovery may be needed,

     (b)  When discovery should be completed, and

     (c)  Whether discovery should be conducted in phases or be limited to or focused upon particular issues;

(7)  What changes, if any, should be made in the limitations on discovery imposed under the federal or local rules, and what other limitations, if any, should be imposed;

(8)  A statement regarding whether any other orders should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c) (If additional orders are required, they should be separately submitted in agreed form with the joint status report and proposed discovery plan.);

(9)  Whether a jury has been demanded;

(10) Whether the parties will consent to the referral of this case to a United States magistrate judge, who will preside over all pretrial proceedings and trial (whether jury or nonjury). See 28 U.S.C. § 636(c); F.R.C.P. 73. The parties are advised that they are free to withhold consent without adverse substantive consequences. If one or more of the parties does not consent, this fact should be communicated only by stating in the joint status report that "the

---

[3] Subparagraphs 5 - 8 are drawn from and are designed to secure the parties' compliance with Fed. R. Civ. P. 26(f)(1) - (4).

Page 3

parties could not agree to refer this case to the magistrate judge."

(11) (a)  An assessment of the prospects for settlement,

    (b)  The status of any settlement negotiations already conducted, (except that in a nonjury case the parties shall not disclose settlement figures), and

    (c)  The parties' agreement as to a specific date, place and time of a formal settlement conference at which the parties and their counsel shall appear <u>in person</u> to discuss settlement of this case (corporations, partnerships, associations, etc., shall participate through a representative who must have authority to bargain in good faith); and

(12) An assessment of whether the dispute would be amenable to mediation and if not, why not, keeping in mind that <u>pro bono</u> mediation may be available to parties unable to afford it.  If mediation seems appropriate, indicate when (month and year) it would be appropriate and whether it should be ordered in addition to or in lieu of the Court-ordered settlement negotiations contemplated by 11(c), above.

(13) A statement that counsel have read the *Dondi* decision, 121 F.,R.D. 284 (N.D. Texas 1988).  The *Dondi* opinion is also available on the Northern District of Texas website at http://www.txnd.uscourts.gov/publications/html.

(14) Any other matters relevant to the status and disposition of this case.

Any differences between counsel as to any of the above matters shall be set forth in the report.

C.

Plaintiff's counsel shall arrange the conference **and** file the joint status report and proposed discovery plan.  All counsel shall cooperate in arranging the conference, shall participate in it, and shall sign the joint status report and proposed discovery plan resulting from it.  Since the Court must, pursuant to Fed. R. Civ. P. 16(b), enter a scheduling order within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant, any request for an extension of time to file the report and plan will be viewed with disfavor and will be denied absent a showing of good cause.


D.

Failure to timely file the joint status report and proposed discovery plan, or failure to cooperate in the arrangement of the conference required by paragraph A or in the preparation and the filing of the joint status report and proposed discovery plan, may result in the imposition of sanctions, including dismissal or entry of default without further notice.  *See* Fed. R. Civ. P. 16(f).


E.

Miscellaneous:

(1) Citations.  All briefs filed with the Court must comply with the most recent edition of THE BLUEBOOK, A UNIFORM SYSTEM OF CITATION (Colum. L. Rev. Ass'n et al. eds, 19th ed. 2005).  Particularly, counsel are directed to provide, where applicable, the subsections of cited

statutes, and to provide jump cites when citing cases, i.e., provide the page where the stated legal proposition can be found. *See id.* R. 3.2-3.4, at 59-63 (regarding pinpoint or "jump" cites and subsections, respectively). Furthermore, if a brief contains cites to unpublished opinions or to LEXIS, counsel must attach copies of those cases to the brief;

(2) <u>Certificates of Conference.</u>  Pursuant to Rule 5 and Local Civil Rule 7.1(b), certificates of service and conference shall address all parties, <u>including co-defendants and co-plaintiffs</u>;

**(3)  All documents submitted to the Court shall be double-spaced and in no smaller than 12-point font.**

(4) <u>Paper copies:</u>   Local Civil Rule 5.1(b) and the ECF Administrative Procedures Manual require that a paper copy of any electronically-filed document be submitted to the judge. Judge Means requires that the paper copy arrive at his chambers by mail or personal delivery within three working days of the electronic filing. The electronically-filed document may be unfiled if the judge's paper copy does not arrive timely.  The paper copy must have the notice of electronic filing stapled to the front of the document it pertains to.  Where a case or issue has been referred to the magistrate judge, the magistrate judge's paper copy of any pertinent electronically-filed document must arrive at the magistrate judge's chambers by mail or personal delivery within three working days of the electronic filing.

(4)   <u>Summary-Judgment Procedures</u>:

(a)   <u>Content of Motions.</u>   Regarding summary-judgment motions, the parties shall proceed as though Local Civil Rules 56.3(b) and 56.4(b) contain the word "must" instead of the word "may" in their first lines.   That is, all matters required by local civil rules 56.3(a) and 56.4(a) must be set forth in the party's brief.

(b)   <u>Identifying Live Pleadings.</u>   The party moving for summary judgment must identify, in a separate section at the beginning of his brief, by name of pleading, date filed, and document number on the Court's docket, the live pleadings for each party who has appeared in the action.   Any party filing a response to the motion shall indicate whether he agrees with the movant's identification of the live pleadings and, if not, why not.

(5)   <u>Appendices</u>:

(a)   <u>Highlighting of Appendices.</u>   Regarding the documentary evidence submitted in an appendix, Judge Means requires that, **if the appendix is electronically filed**, the proponent of the appendix underline (or, as to large passages, bracket in the margin) the portions of the appendix upon which he relies.   Similarly, **if the appendix is manually filed**, the portion of each page of the appendix upon which the proponent relies must be highlighted, underlined (or, for large passages, bracketed in the margins).

(b)   <u>Large Appendices.</u>   **Local civil rule 10.1(e) not withstanding, the judge's paper copy of any appendix exceeding one hundred fifty (150) pages must be submitted in one or more three-ring binders, with the notice of electronic filing placed on top of the**

Page 7

**appendix inside the first binder and tabbed dividers placed between each separate exhibit. No single binder should exceed approximately three hundred (300) pages.**

      (c)  <u>Non-published Citations.</u>  If citations to non-published cases are included in a brief, the proponent of the brief must attach a copy of the non-published case in the appendix. Westlaw citations are preferred over Lexis.

  (6) <u>Judge-specific requirements.</u> Counsel are advised to review Judge Means's general requirements, which were updated in **July 2014**, and are available on the Court's website at:

    http://www.txnd.uscourts.gov/judges/tmeans_req.html

  (7) <u>The Local Civil Rules.</u> Counsel are advised that the Local Civil Rules were amended, effective September 2, 2014, and that they should go to the Court's website and download the new rules.

    http://www.txnd.uscourts.gov/rules/localrules.html

  SIGNED April 14, 2015.

                                   TERRY R. MEANS
                                   UNITED STATES DISTRICT JUDGE